UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT WILLIAM SUTHERLIN,                    Case No. 16-CV-1737 (PJS/KMM)

      Plaintiff,

v.                                                                                    ORDER

DENVER CAR SERVICE; NATIONAL
CASUALTY COMPANY; and
AMERICAN FAMILY INSURANCE,

      Defendants.

---

    Plaintiff Scott Sutherlin, a citizen of Minnesota, alleges that he was injured when a car operated by an employee of Denver Car Service collided with a car in which he was a passenger. The accident took place in Denver, Colorado. Because it appeared that Minnesota was not a proper venue, Magistrate Judge Katherine M. Menendez ordered Sutherlin to show cause why this case should not be dismissed for improper venue or transferred to the United States District Court for the District of Colorado. After Sutherlin failed to respond, Judge Menendez issued a Report and Recommendation ("R&R") recommending that this case be transferred to the District of Colorado under 28 U.S.C. § 1406(a).

    This matter is before the Court on Sutherlin's objection to the R&R. The Court has conducted a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based

on that review, the Court overrules Sutherlin's objection and adopts Judge Menendez's R&R.

Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In his objection to the R&R, Sutherlin does not argue that all defendants are residents of Minnesota. Nor does he argue that the action may not be brought in any other district. Instead, Sutherlin argues that venue is proper under § 1391(b)(2) because he received medical care in Minnesota, the driver of the vehicle in which Sutherlin was a passenger resides in Minnesota, and witnesses who will testify as to Sutherlin's injuries live in Minnesota.

Sutherlin's focus on the location of the plaintiff and witnesses is misguided.[1] When analyzing venue under § 1391(b)(2), the Court focuses only on the allegedly wrongful acts or omissions of the defendants.  *See Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014).  Sutherlin has not alleged that defendants did *anything* in Minnesota.  Because "a substantial part" of defendants' wrongful acts and omissions did not occur in Minnesota—and because "a substantial part" of those acts and omissions did occur in Colorado—venue does not lie in Minnesota under § 1391(b)(2).

For these reasons, the Court overrules Sutherlin's objection, adopts the R&R, and transfers this case to Colorado.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 6] and ADOPTS the R&R [ECF No. 4].  Accordingly, IT IS HEREBY ORDERED THAT this matter is transferred to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1406(a).

Dated: August 8, 2016              s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge

---

[1] Sutherlin's objection seems to confuse the question of whether this case should be transferred for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a) with the question of whether this case should be transferred to cure a defect in venue under 28 U.S.C. § 1406(a).  The location of the plaintiff and witnesses is relevant to the former, but not to the latter.